PETER C. ERBLAND, ISBN 2456
perbland@lclattorneys.com
JENNIFER FEGERT, ISBN 7187
fjegert@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL ST. JOHN AND DAWN WORKMAN, a married couple,<br><br>    Plaintiffs,<br><br>        v.<br><br>KOOTENAI COUNTY, IDAHO; the KOOTENAI COUNTY SHERIFF'S OFFICE, BENJAMIN WOLFINGER, individually and in his official capacity as the Kootenai County Sheriff; Lieutenant Scott Maxwell individually and in his official capacity as a Kootenai County Lieutenant Sheriff; Vivienne Reynolds, individually and in her official capacity as the Kootenai County Sheriff Animal Control Officer; Shane Vrevich individually and in his capacity as a Kootenai County Sheriff Deputy; Michael Hanson, individually and in his capacity as a Kootenai County Sheriff Deputy; Craig Chambers, Individually and in his capacity as a Kootenai County Sheriff Deputy; Anthony Ghirarduzzi, Individually and in his capacity as a Kootenai County Sheriff Animal Control Officer; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>    Defendants. | Case No. 2:22-cv-0074-CWD<br><br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 11(B) MOTION FOR SANCTIONS** |

COMES NOW the defendants, by and through their attorneys of record, and hereby submits

this Memorandum in Support of Defendants' Motion for Sanctions.  Plaintiffs have engaged in

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 11(B) MOTION FOR SANCTIONS -   Page 1**

improper forum shopping, as evidenced by filing identical actions against the defendants in two separate matters. Defendants respectfully request that this court award the defendants their costs and fees in preparing and prosecuting their Motion to Dismiss, filed contemporaneously herewith. See Dkt. 18.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2021, Plaintiffs initiated a cause of action against the defendants seeking damages from alleged actions arising on or about February 21, 2019, in *Daniel St. John et. al. v. Kootenai County et.al*, United States District Court for the District of Idaho, Case No. 2:20-cv-00085-BLW (hereinafter "*St. John I*"). On January 24, 2022, that matter was dismissed without prejudice. *St. John I*, Dkt. 22. On January 27, 2022, plaintiffs filed a motion to set aside the order of dismissal. *St. John I*, Dkt. 23. While the matter was pending, and before the presiding judge could rule on plaintiffs' motion to set aside the order of dismissal, plaintiffs filed this lawsuit, *Daniel St. John et. al v. Kootenai County et. al*, Case No. 2:22-cv-0074-CWD (hereinafter "*St. John II*"). The complaint filed in this matter, *St. John II*, is identical to the complaint filed in the matter of *St. John I. See St. John I*, Dkt. 4; *St. John II*, Dkt. 2. On May 31, 2022, the plaintiffs' motion to set aside the order of default was denied. *St. John I*, Dkt. 31. On August 2, 2022, judgment was entered dismissing plaintiffs' claims. *St. John I*, Dkt. 32. On August 19, 2022, plaintiffs filed a notice of appeal in the *St. John I* matter, appealing the dismissal to the Ninth Circuit Court of Appeals while simultaneously pursuing this matter. *See St. John I*, Dkt. 33.

Plaintiffs have filed their identical, parallel complaint in this action, engaging in improper forum shopping. Plaintiffs have no justified reason for filing two identical complaints against the same defendants in two different forums. As such, sanctions are appropriate.

//

//

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 11(B) MOTION FOR SANCTIONS -   Page 2**

## II.  RULE 11 SANCTIONS

An attorney is subject to Rule 11 sanctions when she, among other reasons, presents to the court a pleading that is filed for an improper purpose.  *Buster v. Greisen,* 104 F.3d 1186 (9th Cir. 1997); *Townsend v. Holman Consulting Corp,* 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

Federal Rule 11 provides in part:

> (b) **Representation to the Court**: By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry under reasonable circumstances:
>
>> (1) it has not been presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (c) **Sanctions**.
>
>> (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

If the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction.  Fed. R. Civ. P. 11(c)(1).  Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated and may include … an order directing payment to the movant of part of all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  The purpose of Rule 11 is to "curb abusive litigation practices" by allowing sanctions for filings that harass, cause unnecessary delay, or needlessly increase the cost of litigation.  *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001).  The Ninth Circuit has determined that "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11."  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) (the issues raised by

the plaintiffs in federal court had been rejected in a different case filed in state court); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (suit barred by res judicata and collateral estopple effects was frivolously brought for an improper purpose).

### A. Rule 11(c) Sanctions Are Appropriate for Improper Forum Shopping.

The plaintiffs' parallel filing of identical lawsuits is evidence of forum-shopping and should be sanctioned under Fed. R. Civ. P. 11. In deciding if sanctions are appropriate in this matter, this Court may consider whether this second suit is an attempt to forum shop or avoid adverse rulings by another court or forum. *See Nakash v. Marciano*, 882 F.2d 1411 (Ct. App. 1989); *citing American Int'l Underwriters, Inc., v. Continental Ins. Co.,* 842 F.2d 1253, 1259 (9th Cir. 1988). The Ninth Circuit has affirmed dismissals and allowed sanctions "when it was readily apparent that the federal plaintiff was engaged in forum shopping." *Nakash*, 882 F.2d at 1417; *Am. Int'l Underwrit*ers, 842 F.3d at 1255-56. In *Nakash*, the Ninth Circuit succinctly observed: "[Plaintiff] has become dissatisfied with the state court and now seeks a new forum for their claims. We have no interest in encouraging this practice." 882 F.2d at 1417.

It is evident by the plaintiffs' actions in this matter that plaintiffs are generally dissatisfied with Judge Winmill's ruling on the defendants' motions in *St. John I* and seek a better outcome with another judge within the magistrate division of the same judicial district. The plaintiffs' dissatisfaction is quite clear because plaintiffs filed their parallel action immediately after Judge Winmill's order of dismissal without prejudice, issued January 24, 2022. *St. John I*, Dkt. 22. On January 27, 2022, plaintiffs filed a motion to set aside the order of dismissal. *St. John I*, Dkt. 23. On February 18, 2022, while the matter was still pending in *St. John I*, and before Judge Winmill could consider the plaintiffs' motion to set aside the order of dismissal, plaintiffs filed their complaint in this matter. *St. John II*, Dkt. 2. The complaints filed in the two matters are not only "substantially similar" but are an exact parallelism of claims. *See Nakash*, 882 F.2d at 1416.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 11(B) MOTION FOR SANCTIONS -   Page 4**

Plaintiffs have now appeal the dismissal and judgment in *St. John I* to the Ninth Circuit Court of Appeals. *St. John I*, Dkt. 33.

Filing two concurrent matters with exact claims and causes of actions is a blatant example of forum-shopping, or in this case judge shopping. Plaintiffs make no attempt to distinguish the two cases, but instead filed identical complaints. Plaintiffs cannot articulate a rational basis as to why Judge Winmill's decision and judgment in *St. John I* should not preclude relitigation of the exact same issues, and defendants' assert there is no basis. To allow the plaintiffs' claims in *St. John II* to proceed would encourage forum shopping and would allow the plaintiffs to circumvent Judge Winmill's ruling in *St. John I*. Rule 11 sanctions are therefore appropriate. *See Buster*, 104 F.3d 1190; *citing In re Grantham Brothers*, 922 F.2d 1438, 1442 (9th Cir. 1991) (collateral attack with no basis in law or fact is frivolous under Rule 11).

### III. CONCLUSION

Plaintiffs' complaint in this matter is frivolous and presented to this Court for an improper purpose. Plaintiffs' filing of concurrent actions on claims that are collaterally barred is frivolous and brought only to harass the defendants. Defendants respectfully request that this Court award the Defendants' their costs and fees pursuant to Rule 11(b).

DATED this 22nd day of August, 2022.

LAKE CITY LAW GROUP PLLC

BY:   / s / *Jennifer Fegert*
      JENNIFER FEGERT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 22nd day of August, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| Attorney for Plaintiffs:<br><br>Monica Flood Brennan<br>JAMES, VERNON & WEEKS, P.A.<br>1626 Lincoln Way<br>Coeur d' Alene, ID  83814 | ☒  Mbrennan@jvwlaw.net |
|---|---|

       / s /  *Nicky Hastings*
       Nicky Hastings