UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL ST. JOHN and DAWN WORKMAN, a married couple,<br><br>       Plaintiffs,<br><br>       v.<br><br>KOOTENAI COUNTY, IDAHO; the KOOTENAI COUNTY SHERIFF'S OFFICE, BENJAMIN WOLFINGER, individually and in his official capacity as the Kootenai County Sheriff; Lieutenant SCOTT MAXWELL individually and in his official capacity as a Kootenai County Lieutenant Sheriff; VIVIENNE REYNOLDS, individually and in her official capacity as the Kootenai County Sheriff Animal Control Officer; SHANE VREVICH individually and in his capacity as a Kootenai County Sheriff Deputy; MICHAEL HANSON, individually and in his capacity as a Kootenai County Sheriff Deputy; CRAIG CHAMBERS, Individually and in his capacity as a Kootenai County Sheriff Deputy; ANTHONY GHIRARDUZZI, Individually and in his capacity as a Kootenai County Sheriff Animal Control Officer; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>       Defendants. | Case No. 2:22-cv-00074-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

This case arises out of events on February 21, 2019. In short, Kootenai County Sheriff Deputies arrived at Plaintiffs' family farm and began taking custody of certain farm animals based on allegations of animal cruelty. While they were attempting to load a bull into the trailer, it gored Plaintiff Daniel St. John. Plaintiffs' complaint alleges § 1983 Fourth Amendment and *Monell* claims and state law tort claims. Dkt. 2.

The case's procedural background is critical in considering the matters now before the Court. The complaint filed in this case is virtually identical to one Plaintiffs filed in another case before this Court, *St. John et al v. Kootenai County et al*, 2:21-cv-00085-BLW. In the first case, the Court dismissed all of Plaintiffs' state law claims with prejudice. *St. John I*, Dkt. 13. A bit later, the Court also dismissed Plaintiffs' § 1983 claims without prejudice. *St. John I*, Dkt. 22. Plaintiffs filed a motion for reconsideration, but before the Court resolved that motion, Plaintiffs filed this suit. *St. John II*, Dkt. 1. The Court ultimately denied the motion for reconsideration in the first case. Dkt. 31. Plaintiffs' appeal of the Court's final judgment in *St. John I* is now pending before the Ninth Circuit.

Defendants have now moved to dismiss the complaint in this case, *St. John II*, for failure to state a claim. Dkt. 18. They argue that the claims are barred by *res judicata* and the applicable statute of limitations. They further move for sanctions

**MEMORANDUM DECISION AND ORDER - 2**

against plaintiffs' counsel. Dkt. 19. For the reasons discussed below, the Court will grant the motion to dismiss and the motion for sanctions.[1]

## DISMISSAL

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint may also provide grounds for dismissal under Rule 12(b)(6) when the plaintiff has included sufficient allegations disclosing some absolute defense or bar

---

[1] Also pending before the Court is Plaintiffs' Counsel's motion to withdraw. Dkt. 30. The motion says that the attorney client relationship has broken down and that the clients have expressed a desire to end the representation. But counsel did not file any evidence or argument to support that statement.

To the contrary, on November 11, 2022, Plaintiff Daniel St. John left an *ex parte* voicemail with the Court, which the Court promptly sent to counsel. Mr. St. John indicated that he was not aware that his counsel was filing the motion to withdraw, that he did not believe there had been a breakdown in communication, and that he did not ask for or approve of the motion. The Court Clerk left a voicemail telling Mr. St. John to file that information in writing at the courthouse. On November 18, 2022, he filed a letter with *St. John I*'s case number. *See St. John I*, Dkt. 36. In the letter he reiterates that he "at no time . . . express[ed] a desire to have Monica Flood-Brennan removed as my attorney of record." *Id.* He further explains that he has attempted to contact his counsel three times, but has not received any response. *Id.*

Given the resolution of the other pending motions, the Court will deny the motion to withdraw without prejudice. Neither the motion to withdraw nor Mr. St. John's comments affect the Court's analysis of the motion to dismiss and the motion for sanctions. Mr. St. John may have a malpractice claim against his lawyer, but that is not relevant to this analysis. Further, the Court notes that the matter will be referred to the Idaho State Bar, the appropriate entity for resolving potential ethical concerns.

**MEMORANDUM DECISION AND ORDER - 3**

to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

### A.     Statute of Limitations

The Court will first address Defendants' argument that the applicable statutes of limitations are an absolute bar to Plaintiffs' claims. Dismissal under Rule 12(b)(6) is appropriate if a statute of limitations defense is apparent on the face of the complaint. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). The Court stands by its previous rulings that the applicable statute of limitations bar Plaintiffs' claims.

Idaho Code § 6-911 provides that tort claims against government entities and employees, such as the Plaintiffs' state law claims, "shall be forever barred[] unless . . . begun within two years after the date the claim arose or reasonably should have been discovered." The complaint alleges events that culminate on February 21, 2019. Plaintiffs therefore had until two years from that date to assert their claims. Plaintiffs did not file this case until January 2022, nearly a year after the limitations period had expired. The fact of the previous suit does nothing to toll the statute of limitations.

The remaining § 1983 claims are also subject to a two-year statute of

limitations. Plaintiffs incorrectly argue that under *Owens v. Okure*, 488 U.S. 235, 250 (1989), the Court should apply Idaho's four-year catchall statute of limitations. In *Owens,* the Supreme Court directed courts to "resort to residual [or 'catchall'] statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions." *Id.* at n12. That is not the case here. *Compare* I.C. § 5-219(4) (setting a two-year statute of limitations for a personal injury action) *with* I.C. § 5-224 (setting a four-year statute of limitations for "action[s] for relief not hereinbefore provided for"). *See also Jun Yu v. Idaho State Univ.*, 444 P.3d 885, 890 (Idaho 2019) (applying Idaho's two-year statute of limitations to a § 1983 claim); *Van Hook v. Idaho*, No. 1:21-cv-00199-BLW, 2022 U.S. Dist. LEXIS 22416, at *33 (D. Idaho Feb. 4, 2022) (same).

Furthermore, plaintiffs' assertion that "in the case of wrongful arrest or wrongful seizure, the statute of limitations does not start to run until the charges are dismissed or otherwise disposed" is wrong. Dkt. 21 at 5. The Ninth Circuit once had a rule that a § 1983 action "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000). However, after the Supreme Court decision in *Wallace v. Kato*, 549 U.S. 384 (2007), the Ninth Circuit held that "*Harvey*'s

MEMORANDUM DECISION AND ORDER - 5

deferred accrual rule has been 'effectively overruled' and is no longer good law." *Mills v. City of Covina*, 921 F.3d 1161, n.1 1171 (9th Cir. 2019) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

A two-year statute of limitations applies to all of Plaintiffs' claims. Plaintiffs did not file this this case until January 2022, nearly a year after the limitations period had expired. Therefore, Plaintiffs' claims are all untimely, are barred by the statues of limitation, and must be dismissed.

### B. Res Judicata

The Court will briefly consider whether dismissal is also appropriate given its previous rulings – of which it takes judicial notice.[2] The question here is whether Plaintiffs' claims are precluded by the doctrine of *res judicata*, which "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in [a] prior action.'" *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). If *St. John I* "(1) involved

---

[2] In deciding a 12(b)(6) motion, the Court generally "may not consider any material beyond the pleadings," but may take judicial notice of matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). This includes a judicial opinion in a different case. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.* at 690 (quotation and citation omitted).

**MEMORANDUM DECISION AND ORDER - 6**

the same 'claim' or cause of action as [*St. John II*], (2) reached a final judgment on the merits, and (3) involved 'identical parties or privies,' then claim preclusion bars [Plaintiffs'] current claims." *Id.* (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

Here, the cases obviously involve the same claims and parties. The complaints are virtually identical. The new complaint does not include Defendant Scott Barnes, who was voluntarily dismissed from the first case. *See St. John I*, Dkt. 20. The new complaint also omits ¶¶ 1.26 and 1.27 of the first complaint, which addressed Idaho law governing tort claims against governmental actors and entities. Finally, the new complaint retitles Part VII "failure to exercise ordinary care and failure to properly train and supervise" rather than "Idaho state law claims," although the substantive allegations are unchanged. Aside from those minor matters—which do not show that the cases involve different claims or parties—the complaints are the same.

The first case also reached a final judgment on the merits as to Plaintiffs' state law claims, which, to be clear, include the claims in Part IV, V, and VI of the complaint. The Court dismissed those claims with prejudice. *St. John I*, Dkt. 13. "Final judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (quotation and citation omitted). *Res judicata* therefore bars Plaintiffs' state

**MEMORANDUM DECISION AND ORDER - 7**

law claims. The first case did not, however, reach a final judgement on the merits as to Plaintiffs' § 1983 claims, which were dismissed without prejudice. *St. John I*, Dkt. 22. Those claims are barred only by the statue of limitations, and not *res judicata*.

C.   **Attorney's fees**

Defendants seek costs and attorney's fees pursuant to Idaho Code § 12-117. That statute provides for fees and costs where a state agency or political subdivision prevails in an action and the Court finds that the nonprevailing party acted without a reasonable basis in fact or law. Notably, the award is mandatory. Attorney's fees must be awarded if (1) the adverse parties are a political subdivision and a person, (2) the political subdivision is the prevailing party, and (3) the nonprevailing party acted without a reasonable basis in fact or law. *City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353, 354-56 (Idaho 2012).

Here, all three elements are clearly met. Kootenai County is a political subdivision and Plaintiffs are persons within the meaning of the statute. Defendants are the prevailing party based on the Court's above analysis. Moreover, there was no reasonable basis for refiling the state law claims, which the Court had already dismissed with prejudice. Plaintiffs had clear notice that the claims were barred by both the statute of limitations and the doctrine of *res judiciata* based on the Court's previous order. *St. John I*, Dkt. 13. An award of costs and attorney's

**MEMORANDUM DECISION AND ORDER - 8**

fees is therefore mandatory. Defendants may recover the attorney's fees and costs they incurred in defending against Plaintiffs' state law claims.[3]

## RULE 11 SANCTIONS

Defendants also move for Rule 11 sanctions against Plaintiffs' counsel, Ms. Brennan. The Court may impose sanctions under Federal Rule of Civil Procedure 11 if a pleading or paper filed with the court is frivolous, lacks evidentiary support, or is filed for an improper purpose. Fed R. Civ. P. 11(b)(1), (2). The Ninth Circuit has explained:

> The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id.* "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court."

*G.C. and K.B. Investments*, 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)). It has further determined that "[w]ithout question, successive complaints based upon

---

[3] In their motion, defendants indicate that they "seek costs and attorney's fees pursuant to Idaho Code § 12-117". They do not cite to federal law setting out a different, higher standard for awarding attorney's fees to a prevailing defendant in a § 1983 action. *See* 42 U.S.C. § 1988(b); *Harris v. Maricopa County Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011). Nor, for that matter, do they cite to Federal Rule of Civil Procedure 54(d)(1), which would provide for costs as to the § 1983 claim. As such, the Court is not considering the issue of Defendants fees and costs in defending against the § 1983 claims.

**MEMORANDUM DECISION AND ORDER - 9**

propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar*, 780 F.2d at 832.

Here, as previously discussed, Ms. Brennan filed a complaint that included state law claims barred by the statute of limitations and *res judicata*. It would have been plainly apparent to any reasonable attorney that such a filing is frivolous. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (affirming district court decision that a suit "barred by the *res judicata* and collateral estoppel effects of the prior judgment" was frivolous). Attempting to circumvent one holding by refiling the same claims is sanctionable. *See Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) ("When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion.").

It is a slightly closer question whether the decision to refile the § 1983 claims was frivolous. On the one hand, the claims were dismissed without prejudice. On the other hand, when Ms. Brennan filed the case and complaint, the Court had already indicated that the claim was subject to a two-year statute of limitations. *St. John I*, Dkt. 13 at 7. Granted, Ms. Brennan had made arguments that based on *Owens* and *Pascual*, a longer statue of limitations applied to the § 1983 claims. *See St. John I*, *Motion to Set Aside Order of Dismissal*, Dkt. 23 at 4. But as the Court later explained in its order denying that motion—which it has

**MEMORANDUM DECISION AND ORDER - 10**

reiterated here—those arguments were not warranted by existing law and were unsupported by any serious argument for an extension of existing law. *St. John I*, Dkt. 31 at 11-12. Short research into the relevant case law would have made it absolutely clear to any reasonable attorney that the claims were meritless. Even more egregiously, in response to the present motion to dismiss, Ms. Brennan recycled verbatim those same arguments, even though the Court had already rejected them as a misreading of *Owens* and wrong as a matter of law. *Id.*; *St. John II*, *Plaintiffs Response*, Dkt. 21 at 4-5.

The Court will grant the motion for sanctions pursuant to its authority under Rule 11. With regard to the amount of the sanction, Rule 11 provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). It is the Court's view that the most appropriate sanction—that is, one which is sufficient to deter Ms. Brennan and other attorneys from engaging in this type of conduct—is to require Ms. Brennan to pay the Defendants the reasonable attorney's fees and costs incurred in defending against this frivolous suit. Defendants are directed to submit affidavits detailing all attorney's fees and

**MEMORANDUM DECISION AND ORDER - 11**

costs which have been incurred by their clients in defending against this action, including those fees incurred in pursuing the motion for Rule 11 sanctions. Ms. Brennan may respond to counsels' affidavits by submitting any argument she may have that the requested fees were not necessary to defend this action or that the amount requested is more than necessary to deter repetition of this conduct.

The Court's ruling might be construed to allow Defendants to recover their attorney's fees and costs twice: once from the Plaintiffs for the fees and costs incurred in defending against the state law claims and once from Ms. Brennan for all fees and costs incurred in defending this action. However, double recovery is not the Court's intent. Rather, the sanctions should be structured so that Ms. Brennan pays the attorney's fees and costs awarded against her client. The Court's preference would be that she pay all fees and costs to defendants directly. However, it is also acceptable for her to reimburse her clients.

## ORDER

**IT IS ORDERED that:**

1. Defendants' motion to dismiss for failure to state a claim (Dkt. 18) is GRANTED. Plaintiffs' complaint is DISMISSSED WITH PREJUDICE.

2. Plaintiffs' motion for extension of time to serve (Dkt. 15) is DENIED AS MOOT.

3. Defendants' motion for sanctions (Dkt. 19) is GRANTED against Monica

**MEMORANDUM DECISION AND ORDER - 12**

Flood Brennan in her individual and personal capacities.

   a. Within 14 days after entry of this order, Defendants are directed to submit affidavits detailing all attorney's fees and costs which have been incurred by their clients in defending against this action, including those fees incurred in pursuing the motion for Rule 11 sanctions.

   b. Within 14 days after Defendants file their fee and costs affidavits, Ms. Brennan may submit a response detailing any argument she may have that (1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct. Ms. Brennan may, if she wishes, include in her response information about his financial resources and ability to pay.

   c. Defendants may file a reply within seven (7) days of receiving Ms. Brennan's response but are not required to do so.

4. Plaintiffs' Counsel's motion to withdraw (Dkt. 30) is DENIED WITHOUT PREJUDICE.

DATED: December 1, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 13