UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL ST. JOHN and DAWN WORKMAN, a married couple,<br><br>      Plaintiffs,<br><br>      v.<br><br>KOOTENAI COUNTY, IDAHO; the KOOTENAI COUNTY SHERIFF'S OFFICE, BENJAMIN WOLFINGER, individually and in his official capacity as the Kootenai County Sheriff; Lieutenant SCOTT MAXWELL individually and in his official capacity as a Kootenai County Lieutenant Sheriff; VIVIENNE REYNOLDS, individually and in her official capacity as the Kootenai County Sheriff Animal Control Officer; SHANE VREVICH individually and in his capacity as a Kootenai County Sheriff Deputy; MICHAEL HANSON, individually and in his capacity as a Kootenai County Sheriff Deputy; CRAIG CHAMBERS, Individually and in his capacity as a Kootenai County Sheriff Deputy; ANTHONY GHIRARDUZZI, Individually and in his capacity as a Kootenai County Sheriff Animal Control Officer; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>      Defendants. | Case No. 2:22-cv-00074-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - 1**

# INTRODUCTION

In its December 1, 2022 Order, the Court granted Defendants' motion for sanctions against Plaintiffs' counsel Monica Flood Brennan, pursuant to Rule 11. Dkt. 32. Therein, the Court indicated its view "that the most appropriate sanction—that is, one which is sufficient to deter Ms. Brennan and other attorneys from engaging in this type of conduct—is to require Ms. Brennan to pay the Defendants the reasonable attorney's fees and costs incurred in defending against this frivolous suit." *Id.* at 11.

Defendants subsequently submitted affidavits detailing all attorney's fees which have been incurred by their clients in defending against this action, including those fees incurred in pursuing the motion for Rule 11 sanctions. Dkt. 33. Ms. Flood Brennan responded to counsels' affidavits by arguing that the requested fees were not necessary to defend this action and that the amount requested is more than necessary to deter repetition of this conduct. Dkt. 34.

For the reasons discussed below, the Court finds sanctions in the amount of $7,017.50 will sufficiently deter her, as well as others, from engaging in similar conduct in the future.

# ANALYSIS

The Court has already determined that Rule 11 sanctions are warranted in

this case.[1] Dkt. 32. The remaining question is what amount is reasonable and appropriate. Rule 11(c)(4) provides some guidance:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed.R.Civ.P. 11 (c)(4). Case law repeatedly reiterates that the primary purpose of Rule 11 sanctions is to deter sanctionable conduct going forward. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1183 (9th Cir. 1986) ("[The] primary purpose of sanctions . . . is to deter subsequent abuses."). "Under Rule 11, [r]ecovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action . . . . The measure to be used is not actual expenses and fees but those the court determines to be reasonable." *Mitchel v. City of Santa Rosa*, 601 F. App'x 466, 468 (9th Cir. 2015) (quoting *Yagman*, 796 F.2d at 1185). To ensure fees are reasonable, "the court must make some evaluation of the fee breakdown submitted by counsel." *Yagman*, 796 F.2d at 1185 (citing Toombs v. Leone, 777 F.2d 465, 472 (9th Cir.1985)).

---

[1] Ms. Flood Brennan's argues that the motion for sanctions was not properly before the Court because Defendants did not serve a separate motion for attorney fees. Dkt. 34 at 2. That is plainly incorrect. Defendants complied with Rule 11, as shown by the filings in this matter. *See* Dkt. 19, 19-1.

**MEMORANDUM DECISION AND ORDER - 3**

Defendants seek an award of $7,017.50.[2] This amount is inclusive of the attorney fees incurred in preparing a dispositive motion, attending a scheduling conference, responding to the motion to withdraw, and filing and briefing the motion for sanctions. One attorney, Jennifer Fegert, worked on the case and billed at an hourly rate of $175.00. A total of 40.1 hours was expended.

Having carefully reviewed the hours worked, the experience of the attorney, the hourly rate, and the description of work performed, the Court is satisfied that the time and amount charged is reasonable under the circumstances. The Court notes that because Ms. Flood Brennan filed a second, nearly identical complaint, defending the action necessarily required additional work of comparing the complaints, reviewing the Court's several orders in the first case, and researching case law regarding the issues of res judicata, claim preclusion and the statute of limitations on all claims.  In other words, because the case was not run of the mill, the time expended was warranted.

The final issue is whether a $7,017.50 monetary sanction will be sufficient to deter Ms. Flood Brennan from filing similar claims in the future. It is. The Court is not persuaded by Ms. Flood Brennan's argument that a dismissal without an

---

[2] Defendants ask for $7,037.5 total, but this is apparently a typo. The hourly rate multiplied by the hours worked yields a result of $ 7,017.50. Moreover, the two totals in the submitted affidavits—$6,755.00 and $262.50—also add up to $ 7,017.50.

**MEMORANDUM DECISION AND ORDER - 4**

award of attorney fees would have been sufficient to deter this conduct because the situation will not reoccur, and she has already decided not to pursue the action any longer. That response misses the point. Ms. Flood Brennan filed a complaint that included state law claims barred by the statute of limitations and *res judicata* and federal claims subject to a lapsed two-year statute of limitations. She then proceeded to defend the complaint for months by recycling (at times verbatim) arguments that the Court had already indicated were not warranted by existing law and were unsupported by any serious argument for an extension of existing law. That conduct is serious and sanctionable precisely because it was unjustified and costly for the defendants.

The Court finds that a $7,017.50 monetary sanction will be sufficient to deter Ms. Flood Brennan from filing similar claims in the future. Ms. Flood Brennan is ordered to pay this sanction within 90 days of this Order.[3] Within 30 days of making payment, Ms. Flood Brennan is instructed to file an affidavit sworn under oath indicating that she has paid the sanction.

---

[3] Ms. Flood Brennan asks the Court to clarify its statement that "Ms. Brennan may, if she wishes, include in her response information about ***his*** financial resources and ability to pay." Dkt. 32 at 13 (emphasis added). This is a typo. The Court meant to provide Ms. Flood Brennan an opportunity to provide information about her ability to pay, not her client. She indicated in her affidavit that she is capable of paying the sanction, so the issue is moot. Dkt. 34-1.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED that** Monica Flood Brennan pay a $7,017.50 sanction to the law firm of Lake City Law Group, PLLC within 90 days of the date of this Order.

**IT IS FURTHER ORDERED** that Ms. Flood Brennan file a sworn affidavit with the Court indicating she has paid the sanction within 30 days of payment.

DATED: February 3, 2023

B. Lynn Winmill
U.S. District Court Judge